## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

**JOSEPH OKOH,**

      **Petitioner,**

v.

                                  **Case No.    2:12cv626**
                                  **(consolidated 2:12cv705)**

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections,**

      **Respondent.**

### REPORT AND RECOMMENDATION

Before the Court is the Petitioner Joseph Okoh's ("Okoh") Amended Petition for a Writ of *Habeas Corpus*[1] filed pursuant to 28 U.S.C. § 2254 ("Petition"), ECF No. 4, and the Respondent's Motion to Dismiss ("the Motion"), ECF No. 9, to which Okoh filed an opposition, ECF No. 13. The Motion was referred for disposition to the undersigned U.S. Magistrate Judge ("undersigned") pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. After reviewing the briefs, the undersigned disposes of the Motion on the papers without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 7(J). For the following reasons, the undersigned finds Okoh's claims are

---

[1] On November 20, 2012, Okoh filed a "notice of appeal" that was construed and conditionally filed as a petition for a writ of *habeas corpus*. *See* 2:12cv626 ECF No. 1. Subsequently, on December 26, 2012, using the correct form, Okoh filed another petition under a new case number. *See* 2:12cv705 ECF No. 1. Because the initial document Okoh filed in 2:12cv626 was not in fact a petition for a writ of *habeas corpus* that used the correct form, on February 13, 2012, this Court ordered Okoh to file an original and two copies of an amended petition on the correct form. 2:12cv626 ECF No. 3. Okoh did so on March 4, 2013, but this amended petition was identical to the petition he filed in December in the other case 2:12cv705. The Court then ordered that the two cases be consolidated with all subsequent filings to be made under the primary case number 2:12cv626. 2:12cv626 ECF No. 6; 2:12cv705 ECF No. 3. Therefore, in reviewing Okoh's claims, the Court will primarily cite to Okoh's Amended Petition, 2:12cv626 ECF No. 4, and the only document the Court will cite to in case 2:12cv705 is Okoh's memorandum in support of his Petition, ECF No. 2, which was never filed in 2:12cv626.

either procedurally defaulted or without merit, and therefore, **RECOMMENDS** the Respondent's Motion to Dismiss, ECF No. 9, be **GRANTED** and Okoh's Amended Petition, ECF No. 4, be **DENIED** and **DISMISSED WITH PREJUDICE.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

After a two-day jury trial, Okoh was convicted on November 13, 2008 in Louisa Circuit Court of one count of using a computer to solicit a minor for sexual purposes in violation of Va. Code § 18.2-374.3(C), for which the jury recommended a sentence of fourteen years incarceration, which was subsequently imposed by the court on March 16, 2009. The evidence at trial showed that Okoh used the Yahoo! chat service on a computer in Arlington, Virginia to communicate with an individual who portrayed herself to be a thirteen year-old girl located in Louisa, Virginia. In fact, Okoh was chatting with an undercover police officer posing as a thirteen-year old girl. After soliciting sex during the online chat with the undercover officer, Okoh drove from Northern Virgina to Louisa, Virginia, where he thought he was meeting thirteen year-old "Lacy," but instead was arrested with a laptop, two packages of condoms, and a six-pack of Smirnoff Ice. On direct appeal to the Virginia Court of Appeals, Okoh challenged the sufficiency of the evidence to sustain his conviction. In an unpublished *per curiam* opinion, on December 9, 2009, the Virginia Court of Appeals held "the evidence was sufficient to prove beyond a reasonable doubt that [Okoh] had reason to believe he was soliciting sex from a person less than fifteen years of age," denied his appeal, and subsequently denied his request for a hearing on March 5, 2010. Okoh then appealed to the Virginia Supreme Court, which refused his petition for appeal on September 1, 2010 and denied his request for a rehearing on November 16, 2010. The United States Supreme Court denied Okoh's petition for a writ of *certiorari* on

2

October 3, 2011.

On November 18, 2011, Okoh filed a state *habeas corpus* petition with the Louisa Circuit Court. In it, Okoh alleged the following: Claim A: trial counsel was ineffective for failing to introduce evidence of Virginia law regarding electronic "terms of service" agreements; Claim B: trial counsel was ineffective for failing to call and subpoena an expert witness to testify regarding electronic "terms of service" agreements; Claim C: the Louisa Circuit Court was without jurisdiction to hold the criminal trial; Claim D: the conviction violated his First Amendment right to free speech; and Claim E: the conviction was unlawful because the undercover investigating officer committed fraud and engaged in the "sting" without a court order. Ultimately, the Louisa Circuit Court denied Okoh's petition and issued a final order of dismissal on March 14, 2012. Okoh then appealed this dismissal to the Virginia Supreme Court on March 22, 2012. The Virginia Supreme Court reviewed the record, held that "there is no reversible error," and accordingly refused Okoh's petition for appeal on October 12, 2012.

On December 7, 2012,[2] Okoh filed this federal *habeas*, ECF No. 4, his first § 2254, alleging the following claims: his defense counsel was ineffective because he (Claim 1-A) failed to identify "controlling law" during the trial regarding electronic service agreements by Yahoo! and the age of persons who enter such agreements as "legally binding" under the Virginia Code's Uniform Electronic Transactions Act and the Uniform Computer Information Transactions Act, (Claim 1-B) failed to identify and argue under "controlling law" regarding the admissibility of evidence obtained without a warrant under the Virginia Code Criminal Procedure chapter on Interception of Wire, Electronic or Oral Communications, (Claim 1-C) failed to challenge the

---

[2] The undersigned uses the date Okoh placed his original Petition in the prison mailing system. *See* 2:12cv705, ECF No. 1 at 15; *see also Houston v. Lack*, 487 U.S. 266, 276 (1988).

3

jurisdiction of Louisa Circuit Court over acts he committed while in Arlington County, Virginia as required under Virginia law, and (Claim 1-D) failed to assert Okoh's First Amendment right to freedom of speech as Okoh believed his conversation was private and entitled to a "reasonable expectation of privacy." Also, Okoh challenged (Claim 1-E) that the evidence of his crime was insufficient because the undercover officer located in Louisa County, Virginia entered an adult Yahoo! chat room under the legally binding terms of the service agreement meaning he was legally 18 years or older, and not thirteen or fourteen years old, and (Claim 2), that the Louisa Circuit Court lacked "territorial jurisdiction" over Okoh because the offense charged occurred in Arlington County, Virginia. The Virginia Attorney General, on behalf of the Respondent, submitted a Motion to Dismiss, Rule 5 Answer, brief in support of the Motion to Dismiss, and a *Roseboro* notice on August 23, 2013. ECF Nos. 9-12. Okoh responded to the Respondent's Motion to Dismiss on September 9, 2013, ECF No. 13. The Respondent has not replied, and the time to do so has passed. Therefore, the Motion is ripe for disposition.

## II. PROCEDURAL ISSUES

### A. Statute of Limitations

Okoh filed his *habeas* petition in this Court before the applicable statute of limitations deadline passed, and therefore it is timely. Section 2254 petitions are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from "the date on which the judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). However, in calculating the limitations period, the Court excludes, or tolls, the time during "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending. 28 U.S.C. § 2244(d)(2).

4

The United States Supreme Court denied Okoh's petition for a writ of *certiorari* on October 3, 2011. As a general matter, therefore, under 28 U.S.C. § 2244(d)(1), Okoh had until October 3, 2012 to file his *habeas* petition in this Court. However, this time period was tolled from November 18, 2011, when Okoh filed his state *habeas* in Louisa Circuit Court, to January 10, 2013, when the Virginia Supreme Court's October 12, 2012 denial became final. *See* SUP. CT. R. 13.1. Because only forty-seven days had passed before Okoh filed his state *habeas*, he had 318 days from January 10, 2013 to file his *habeas* petition in this Court. In other words, the statute of limitations deadline was extended to November 24, 2013. Okoh was well within the statute of limitations deadline when he filed this Petition on December 7, 2012. *See* 2:12cv705, ECF No. 1 at 15.

### B. Exhaustion and Procedural Default

Section 2254 petitions challenge a state's custody of a prisoner "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "In the interest of giving the state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing, a state prisoner must exhaust all available state remedies before he can apply for federal *habeas* relief." *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998) (citing 28 U.S.C. § 2254(b); *Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997)). "To exhaust state remedies, a *habeas* petitioner must fairly present the substance of his claim to the state's highest court." *Id.* (citing *Matthews*, 105 F.3d at 911). In Virginia, that court is the Virginia Supreme Court. "The burden of proving that a claim is exhausted lies with the *habeas* petitioner." *Id.* (citing *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994)).

5

"A distinct but related limit on the scope of federal *habeas* review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a *habeas* petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the *habeas* petitioner has procedurally defaulted his federal *habeas* claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "A state procedural rule is adequate if it is 'regularly or consistently applied by the state court' and is independent if it does not rely on a rule of federal constitutional law." *Silk v. Johnson*, No. 3:08cv271, 2009 WL 742552, at *2 (E.D. Va. Mar. 20, 2009) (quoting *Mu'Min v. Pruett*, 125 F.3d 192, 196 (4th Cir. 1994) (citing *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985))). "After determining that a state court relied on an adequate and independent state-law ground for decision, [courts] 'may . . . not [inquire] into whether the state court properly applied its own law.'" *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998) (citing *Barnes v. Thompson*, 58 F.3d 971, 974 n.2 (4th Cir. 1995)).

However, "the exhaustion requirement for claims not fairly presented to the state's highest court . . . is met when a state procedural rule would bar consideration if the claim was later presented to the state court." *Matthews*, 105 F.3d at 911. Virginia Code § 8.01-654(A)(2) provides that "[a] *habeas corpus* petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." This provision offers an independent and adequate state law ground that bars federal *habeas* review. *See, e.g., Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587-88 (E.D. Va. 2006). The Court now turns to each claim in the instant petition to determine

6

whether Okoh has exhausted his state court remedies.

The Court finds that Okoh exhausted his state court remedies as to Claims 1-A, 1-E, and 2 in the instant petition. Okoh exhausted his state court remedies as to Claim 1-A, that counsel was ineffective for failing to present or identify controlling Virginia law under the Uniform Electronic Transactions Act and the Uniform Computer Information Transactions Act regarding electronic service agreements as legally binding. Okoh raised this as Claim A in his state *habeas* petition, and presented this claim to the Virginia Supreme Court when he appealed the Louisa Circuit Court's denial of the claim under both prongs of *Strickland v. Washington*. Likewise, Okoh exhausted Claim 1-E, which the Court construes as a due process violation, claiming the evidence presented at trial was insufficient to sustain a conviction. Okoh raised this issue on direct appeal of his conviction to the Virginia Supreme Court, which ultimately refused his petition for appeal. Lastly, Okoh exhausted Claim 2, that the Louisa Circuit Court violated his due process rights because it lacked jurisdiction. The Court liberally construes this jurisdictional claim to have been raised by Okoh as Claim C in his state *habeas*, which was presented to, and dismissed by, the Virginia Supreme Court. Therefore, Okoh has met his burden as to these three claims and this Court will evaluate them on the merits.

Conversely, the Court finds that the remaining claims—Claims 1-B, 1-C, and 1-D—are procedurally defaulted and this Court is barred from reaching the merits as to those claims. Specifically, in Claim 1-B, Okoh claims that trial counsel was ineffective for failing to argue under relevant Virginia law regarding the admissibility of evidence of his online chats obtained by law enforcement without a warrant or court order. However, he did not raise this issue on direct appeal or in his state *habeas* petition. Similarly, in Claim 1-C, Okoh claims that trial

7

counsel was ineffective for failing to challenge the jurisdiction of Louisa Circuit Court to conduct a criminal trial on this charge. However, he did not raise this issue on direct appeal or in his state *habeas* petition. Lastly, in Claim 1-D, Okoh argues that trial counsel was ineffective for failing to assert his rights and reasonable expectation of privacy under the First Amendment. While he raised a similar issue alleging that his First Amendment rights were violated as Claim D in his state *habeas* petition, he did not raise that issue as an ineffective assistance of counsel argument under the Sixth Amendment, and therefore it too had not been previously presented to the Virginia Supreme Court. Okoh did not present these three claims to the Virginia Supreme Court either on direct appeal or through collateral *habeas* review, and if he attempted to present them now, those claims would be time-barred under Va. Code § 8.01-654(A)(2). Under the Virginia Code, Okoh had until November 16, 2011—one year from final disposition of his direct appeal on November 16, 2010 by the Virginia Supreme Court—to file any *habeas* claims in state court. *Id.* Therefore, this provision offers an independent and adequate state law ground that bars federal *habeas* review of Claims 1-B, 1-C, and 1-D. *See, e.g., Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587-88 (E.D. Va. 2006); *see also Matthews*, 105 F.3d at 911 ("[T]he exhaustion requirement for claims not fairly presented to the state's highest court . . . is met when a state procedural rule would bar consideration if the claim was later presented to the state court.").

Okoh may overcome procedural default by "showing [] cause and prejudice or a fundamental miscarriage of justice due to [his] actual innocence." *Silk*, 2009 WL 742552, at *3 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998), and *Harris v. Reed*, 489 U.S. 255, 262 (1989)). However, Okoh does not specifically claim that he is actually innocent, and if he

did, he cannot demonstrate a fundamental miscarriage of justice because conclusory statements of actual innocence are insufficient, *see,* 2:12cv705, ECF No. 2.; 2:12cv626, ECF No. 13, and he offers no argument, new reliable evidence, or factual contentions to substantiate such a claim. *Royal v. Taylor,* 188 F.3d 239, 244 (4th Cir. 1999) ("In order to use an actual innocence claim as a procedural gateway to assert an otherwise defaulted claim, 'the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the *new evidence.*'") (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)) (emphasis added).

"[C]ause" refers to "some objective factor external to the defense [that] impeded counsel's [or the petitioner's] efforts to comply with the State's procedural rule." *Strickler v. Greene,* 527 U.S. 263, 283 n.24 (1999) (quoting *Murray v. Carrier,* 477 U.S. 478, 488 (1986)). In his opposition to the motion to dismiss, Okoh cites numerous cases regarding procedural default, but fails to cite any external factor that prevented him from raising these claims on direct appeal or in his state *habeas* claim. *See* ECF No. 13. Okoh also devotes a significant portion of his argument to alleging that the Respondent "is erroneously misleading the court to believe that petitioner's claims have been procedurally defaulted . . . ." *Id.* at 8. However, the Court has liberally construed Okoh's claims, and still finds that the three procedurally defaulted claims were not raised before and would be time-barred if raised now. *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976) (holding that pro se pleadings are to be "liberally construed"). Moreover, Okoh's *pro se* status and lack of familiarity with Virginia law and federal law are not sufficient cause to overcome procedural default. *See Rodriguez v. Maynard,* 948 F.2d 684, 688 (10th Cir. 1991) (citing *Smittie v. Lockhart,* 843 F.2d 295 (8th Cir. 1988) (petitioner's pro se status and educational background are not sufficient cause under the cause and prejudice test) (additional

9

citations omitted).  Absent cause, a prejudice analysis is unnecessary.  *See Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995) (noting that courts should not consider the issue of prejudice absent cause to avoid the risk of reaching an alternative holding).  The undersigned finds the above three claims, 1-B, 1-C, and 1-D, are procedurally defaulted and, thus, should be dismissed. Accordingly, the Court now turns to the merits of Okoh's Claims 1-A, 1-E, and 2.

### III. STANDARD OF REVIEW

The Supreme Court of Virginia refused Okoh's *habeas* appeal in a two-sentence order, where it found "no reversible error in the judgment complained of . . . [and therefore] the Court refuse[d] the petition for appeal."  Similarly, the Supreme Court of Virginia refused Okoh's direct appeal from his conviction in a two-paragraph order after a "review of the record in this case and consideration of the argument submitted in support of and in opposition to the granting of an appeal . . . ."  Both constitute an adjudication on the merits, and the parties do not appear to otherwise contest this characterization.  *See Bell v. Jarvis*, 236 F.3d 149, 163 (4th Cir. 2000) (*en banc*) ("[Courts] must uphold the state court's summary decision unless [their] independent review of the record and pertinent federal law persuades [them] that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented.") (citations omitted); *see also Renoir v. Virginia*, No. 7:99cv580, 2001 WL 34801301, at *8 n.7 (W.D. Va. July 31, 2001) (holding Virginia Supreme Court adjudicated claim on the merits where it found "no reversible error in the judgment complained of").

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), when a state court addresses the merits of a claim that is raised in a 28 U.S.C. § 2254 petition, the Court may not

grant federal *habeas* relief on that claim unless, *inter alia*, the state court decision is contrary to or an unreasonable application of clearly established federal law.   28 U.S.C. § 2254(d)(1). "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011).  The Court independently reviews whether that decision satisfies either standard. *See Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  A state court decision is "contrary to" clearly established federal law if the state court "arrives at a conclusion opposite to that reached by th[e U.S. Supreme] Court on a question of law or if the state court decides a case differently than th[e U.S. Supreme] Court has on a set of materially indistinguishable facts." *Id.* at 413.  As to whether a state court decision is an "['objectively'] unreasonable application" of clearly established federal law, the state court must "identif[y] the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably appl[y] that principle to the facts of the prisoner's case." *Id.* at 410.  Ultimately, though, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is *firmly convinced* that a federal constitutional right has been violated." *Id.* at 389 (emphasis added).  It is this Court's obligation to focus "on the state court decision that previously addressed the claims rather than the petitioner's freestanding claims themselves." *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997).

Federal *habeas* relief is precluded, "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 131 S. C.t at 786.  "If this standard is difficult to meet, that is because it was meant to be.  As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state

proceedings." *Id.* (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)). In other words, "AEDPA prohibits federal habeas relief for any claim adjudicated on the merits in state court, unless one of the exceptions listed in § 2254(d) obtains." *Premo v. Moore*, 131 S. Ct. 733, 739 (2011). Here, as in *Premo*, the relevant exception is "permitting relitigation where the earlier state decision resulted from an 'unreasonable application of' clearly established federal law." *Id.*; 28 U.S.C. § 2254(d)(1).

## IV. ANALYSIS

### A. Claim 1-A: Ineffective Assistance of Counsel

In his first claim, Okoh claims that defense counsel was ineffective for failing to identify the "controlling" Virginia law under the Uniform Electronic Transactions Act, Va. Code § 59.1-479 *et seq.*, and the Uniform Computer Information Transactions Act, Va. Code § 59.1-501.1 *et seq.*, which specifically related to the binding nature of electronic agreements like the Yahoo! chat terms of service. 2:12cv705, ECF No. 2 at 12. In other words, Okoh argues that his attorney was ineffective for failing to present the various Virginia Code sections during trial, which would arguably support his defense that he believed he was chatting with someone 18 years or older, as required by the electronic terms of service agreement. In the context of Sixth Amendment ineffective assistance of counsel claims that have already been rejected by the state court, the United States Supreme Court has summarized the high bar federal *habeas* petitioners face:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' [466 U.S. 668, 689 (1984)]; *Lindh v. Murphy*, 521 U.S. 320, 333, n.7, 117 S. Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is 'doubly' so, *Knowles [v. Mirzayance]*, 556 U.S. [---, ---], 129 S. Ct. [1411, 1420 (2009)]. The *Strickland* standard is a

12

general one, so the range of reasonable applications is substantial. 556 U.S., at ---
, 129 S. Ct. at 1420. Federal habeas courts must guard against the danger of
equating unreasonableness under *Strickland* with unreasonableness under §
2254(d). When § 2254(d) applies, the question is not whether counsel's actions
were reasonable. The question is whether there is any reasonable argument that
counsel satisfied *Strickland*'s deferential standard.

*Premo*, 131 S. Ct. at 740.

Generally, when Okoh asserted this ineffective assistance of counsel argument as Claim

A in state court, he had to show both that his defense counsel provided deficient assistance and

that he was prejudiced as a result. 466 U.S. 668, 700 (1984). First, to establish deficient

performance, Okoh was required to show that "counsel's representation fell below an objective

standard of reasonableness." *Id.* at 688-89 (holding that there is a strong presumption that trial

counsel provided reasonable professional assistance). Second, Okoh was also required to

demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of

the proceeding would have been different. A reasonable probability is a probability sufficient to

undermine confidence in the outcome." *Id.* at 687, 693-94 (holding that counsel's errors must be

"so serious as to deprive the defendant of a fair trial," and that the petitioner must "show that the

errors had some conceivable effect on the outcome of the proceeding.").

The Louisa Circuit Court, and subsequently the Virginia Supreme Court on appeal,

determined that Okoh failed to satisfy his burden under both prongs of *Strickland*. Specifically,

under the performance prong, the state court found that Okoh failed "to state with particularity

why counsel was unreasonable for failing to 'present' various code sections he cites to the jury,"

and stated that instead he relied on conclusory statements in his petition. Furthermore, the state

court found that regardless of counsel's performance, he also failed to show prejudice, because

there was not a reasonable probability, based on the evidence presented at trial, that the outcome

13

would have been different or favorable for Okoh. Because the Court would find that the state court did not unreasonably apply *Strickland* to Okoh's claims, the Court recommends granting the Respondent's motion to dismiss Claim 1-A. *Cf. Premo*, 131 S. Ct. at 739; 28 U.S.C. § 2254(d)(1).

Under the performance prong, the Court must answer a highly deferential question: "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* at 740. There is a reasonable argument to be made that Okoh's counsel "was within the 'wide range' of reasonable professional assistance," and therefore, it was not unreasonable for the state court to deny his claim on this basis. *Richter*, 131 S. Ct. at 787 (citing *Strickland*, 466 U.S. at 689). The state court found that trial counsel had in fact developed evidence at trial regarding the electronic terms of service agreement when he cross examined the undercover detective on the witness stand and the detective acknowledged that Yahoo! required one to be at least 18 years of age to register and enter the chat. Tr. 98 (Q: "Well, you have to be at least eighteen, correct?" A: "That is correct.") (Nov. 12, 2008). In fact, defense counsel cross-examined the detective at length about the various misrepresentations he made when signing up for a Yahoo! account and logging into the chat room. Tr. 92-106. It was reasonable for the state court to find that such zealous cross-examination did not fall below an objective level of reasonableness, and this Court would find that such advocacy was within the "wide range of professional assistance" that attempted to accomplish the same goals as Okoh asserts in Claim 1-A: that the undercover officer misrepresented his age when logging onto the chat room contrary to Yahoo! terms of service. Therefore, the Court would find that the state court's application of the performance prong under *Strickland* was reasonable.

14

Similarly, the state court was not unreasonable in determining that Okoh failed to meet his burden under the prejudice prong, because he failed to show how the outcome would have been any different, had his attorney identified the "controlling law" as he claims. *Strickland*, 466 U.S. at 694; *see also United States v. Higgs*, 663 F.3d 726, 740-42 (4th Cir. 2011) (holding that there was no reasonable probability that the outcome of the trial would have been different because the evidence of defendant's guilt was overwhelming). A brief review of the online chat transcript, which was introduced as evidence during the trial, invites this conclusion.[3] Not only does the undercover officer state numerous times that she was 13 years old, she also told Okoh she was in 9th grade and could not drive, and Okoh, when he asked if she was the police, knew that his actions could "get [him] in trouble too" and that he could "go to jail." Nonetheless, Okoh goes on to initiate sexually obscene conversation, discusses meeting in person, and eventually got in a car and drove a significant distance from Northern Virginia to meet up with the thirteen year old girl he knew as "Lacy," with condoms and Smirnoff Ice in tow. Okoh could argue that his trial counsel should have done many things differently, but the Court would still

---

[3] The online chat—a transcript of which was produced as evidence at trial and provided to this Court on habeas review—between Okoh and the undercover detective posing as thirteen year old "Lacy" can be summarized as follows: "Lacy" introduced herself as a thirteen year old female located in Virginia. Okoh initially said this was "too young," but continued asking where she was located in Virginia, and told her he was 35 years old. Okoh proceeded to then ask for a picture of "Lacy." The undercover detective sent a picture, later produced as evidence at trial, of a female police officer during her teenage years. Okoh asked "Lacy" if she was in 8th grade, to which she responded that she was actually in 9th grade. Small chat about weekend plans and family members located in various areas of Virginia quickly turned into obscene sexual content when Okoh asked "Lacy" if she wanted "to snuggle" and if she was "still a virgin." Okoh then went on to describe the sexual acts he wanted to engage in with "Lacy," and proposed meeting in a hotel near Fredericksburg, Virginia. The sexual nature of the conversation continued until "Lacy," who stated she couldn't drive, described where she was located and confirmed with Okoh where they should meet. Okoh discussed his willingness to drive down and meet her while staying on his laptop to continue chatting. After stating he would "go get a room in fred burg," he discussed bringing Smirnoff with him. This initial conversation lasted from 4:46pm until 6:45pm when Okoh logged off to "take a shower." A second conversation was initiated at 7:38pm, when Okoh stated that he was driving, and concluded at 8:59pm, after the two discussed details about their meeting spot and whether they trusted one another. Okoh was arrested in Louisa County with a laptop, two packages of condoms, and a six pack of Smirnoff Ice, all of which was photographed and produced as evidence at trial.

15

find that it was reasonable for the state court to determine that "the likelihood of a different outcome" was not conceivable, let alone substantial, because of the overwhelming evidence of Okoh's guilt. Accordingly, the Court would find that the state court's determination that Okoh failed to prove prejudice under *Strickland* was not "an unreasonable application of clearly established federal law." 28 U.S.C § 2254(d)(1). Thus, because it was not unreasonable for the state court to find that Okoh failed to satisfy both the performance and the prejudice prongs under *Strickland*, this Court would dismiss Claim 1-A in his Petition. *Accord Premo*, 131 S. Ct. at 740.

## B. Claim 1-E: Sufficiency of the Evidence

In his next claim, Okoh states: "That because the officer who was in Louisa County solicited Petitioner and failed to create an online persona alleging he was a thirteen year old girl but entered into the legally binding terms of service agreement as a fictional adult, the law sees the age of the online persona as an adult as stipulated to in the officer's freudulant [sic] but legally binding terms of service agreement making Lacylioness0414, legally 18 or older . . . ." 2:12cv705, ECF No. 2 at 13. While Okoh does not explicitly challenge the sufficiency of the evidence, the Court construes this claim as such, because he is challenging the alleged failure of the Commonwealth to prove that he knew or had reason to believe the individual he was chatting with was a child younger than 15 years of age because of the legally binding terms of service requirement, as required by Va. Code § 18.2-374(C). Similar to the ineffective assistance of counsel analysis, the United States Supreme Court has made clear that petitioners who challenge the sufficiency of the evidence at trial to support their conviction face a high bar in federal *habeas* proceedings. *See Coleman v. Johnson*, 132 S. Ct. 2060, 2062 (2012) (*per curiam*) ("[I]n

16

federal habeas proceedings . . . they are subject to two layers of judicial deference.").

> First, on direct appeal, "it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 132 S. Ct. 2, 4 (2011) (*per curiam*). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid.* (quoting *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)).

*Coleman v. Johnson*, 132 S. Ct. at 2062. Because the Virginia Supreme Court's decision was not

"objectively unreasonable," when it reviewed and denied Okoh's direct appeal from the Virginia

Court of Appeals, Claim 1-E must fail on the merits as well. *Id.*

On direct appeal, the Virginia Court of Appeals held that "the evidence was sufficient to

prove beyond a reasonable doubt that appellant had reason to believe he was soliciting sex from

a person less than fifteen years of age and that he was guilty of violating Code § 18.2-374.3(C),"

and the Virginia Supreme Court agreed when it reviewed the record and refused the petition for

appeal. It is well established that the purpose of this section of the Virginia Code "is to

criminalize 'the knowing use of a communications system to solicit a minor for certain acts,' but

'does not require the solicitation of an actual minor.'" *Grafmuller v. Commonwealth*, 698 S.E.2d

276, 279 (Va. Ct. App. 2010) (citing *Podracky v. Commonwealth*, 662 S.E.2d 81, 85, 87 (Va. Ct.

App. 2008)). Under this standard, and in light of the online chat transcript produced at trial, the

state court's denial of Okoh's sufficiency of the evidence claim was not objectively

unreasonable, regardless of whether the Yahoo! terms of service require users to certify that they

are 18 years of age or older. As discussed above, the undercover detective told Okoh multiple

times that she was thirteen years old, sent him a picture of another female officer taken in her

17

teenage years, and Okoh was aware of the adverse consequences if the police knew of his actions. Therefore, the Court would dismiss this claim on the merits because the state court denial of Okoh's sufficiency of the evidence claim was not objectively unreasonable. *Accord Coleman v. Johnson*, 132 S. Ct. at 2062.

### C. Claim 2: Jurisdiction of the Louisa Circuit Court

Lastly, Okoh claims that the "Louisa County Circuit Court lacked territorial jurisdiction over petitioner where the offense he is charged with took place in Arlington County, with no knowledge of the other parties location until after they agreed to meet, as the undercover officer alleges he identified himself as a thirteen year old female in Virginia, not in Louisa County Virginia . . . ." 2:12cv705, ECF No. 2 at 13. Okoh raised the jurisdictional issue in his state *habeas* as Claim C, when he alleged "the Court is without jurisdiction and did not have or acquire jurisdiction to prosecute the petition as charged in the indictment . . . ." The state court denied Okoh's claim because any alleged failure to comply with various trade and commerce statutes did not deprive the court of jurisdiction over criminal cases, and the state court had personal jurisdiction over Okoh because he solicited a minor located in Louisa County, where he subsequently traveled to meet her. *See Porter v. Commonwealth*, 661 S.E.2d 415, 425-31 (2008) (discussing Virginia circuit courts subject matter jurisdiction to hear criminal cases); *see also Jaynes v. Commonwealth*, 666 S.E.2d 303, 306-307 (2008) (discussing personal jurisdiction in criminal cases). Because this was not an unreasonable application of federal law, the Court would deny Claim 2 as well.

"Acts done outside a jurisdiction, but intended to produce and producing detrimental effects within it, justify a state in punishing the cause of the harm as if he had been present at the

18

effect, if the state should succeed in getting him within its power." *Strassheim v. Daily*, 221 U.S. 280, 285 (1911). "It has long been a commonplace of criminal liability that a person may be charged in the place where the evil results, though he is beyond the jurisdiction when he starts the train of events of which the evil is the fruit." *Jaynes v. Commonwealth*, 666 S.E.2d 303, 207 (2008) (citing *Travelers Health Ass'n v. Commonwealth*, 188 Va. 877, 892 (1949) (citing *Strassheim*, 221 U.S. at 284-85)). Here, it was reasonable for the state court to deny Okoh's jurisdictional argument because even though he initiated the "train of events" in Arlington, Virginia by chatting with the undercover detective posing as a thirteen year old child, the supposed child was located in Louisa County, and so was Okoh, eventually, after he traveled a significant distance to meet her at a hotel. Therefore, the Court would deny this claim on the merits as well.

## V. RECOMMENDATION

For these reasons, the undersigned finds Okoh's claims are either procedurally defaulted or without merit as discussed above and, therefore, **RECOMMENDS** the Respondent's Motion to Dismiss, ECF No. 9, be **GRANTED** and Okoh's Petition, ECF No. 4, be **DENIED** and **DISMISSED WITH PREJUDICE.**

## VI. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being

19

served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to the Petitioner and counsel of record for the Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
November 12, 2013

## CLERK'S MAILING CERTIFICATE

A copy of this Report and Recommendation was mailed on this date to the following:

Mr. Joseph Okoh, #1404977
Haynesville Correctional Unit
P.O. Box 129
Haynesville, Virginia 22472
*Pro se Petitioner*

Mr. Donald E. Jeffrey, III
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219
*Counsel for the Respondent*

_____
Fernando Galindo
Clerk of the Court

By:

Deputy Clerk
November 13, 2013